http://www.va.gov/vetapp16/Files4/1634317.txt

Citation Nr: 1634317 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 11-09 220 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama

THE ISSUE

Entitlement to service connection for hypertension, claimed as secondary to service-connected generalized anxiety disorder (GAD) and vertigo.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

J. Tunis, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1960 to August 1966.

This matter comes before the Board of Veteran's Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

In January 2016, this matter was previously remanded for additional development and adjudication. However, as will be discussed further below, the Board again remands this matter.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran asserts that his diagnosed hypertension is caused or aggravated by his service-connected disabilities, to include GAD and vertigo. The January 2016 Board remand directed the RO to refer the Veteran's claims file to an examiner with appropriate expertise to address the etiology of the Veteran's hypertension. The Board specifically requested that the examiner opine as to the following: (1) whether it is at least as likely as not that the currently diagnosed hypertension had its clinical onset during service; and (2) whether it is at least as likely as not that the current hypertension was caused or aggravated (permanently worsened beyond natural progression) by the Veteran's service-connected disabilities, to include service-connected GAD and vertigo.

Accordingly, a VA examiner provided a medical opinion in March 2016. The examiner found that it is less likely than not that the currently diagnosed hypertension had its clinical onset during service, and that it is was less likely than not that the Veteran's currently diagnosed hypertension was caused or aggravated by the Veteran's service-connected GAD and vertigo. 

However, since the March 2016 VA medical opinion, the Veteran, through his representative, has submitted additional argument. In an August 2016 Written Brief Presentation, the Veteran argues that the medication prescribed to him for his service-connected conditions have caused or aggravated his hypertension. Further, the Veteran argues that although the examiner conceded that the Veteran had in the past taken prescription medications, such as Zoloft, Effexor, and Xanax, the examiner failed to consider the twelve medications he is currently prescribed. The twelve medications, listed within the Veteran's August 2016 Written Brief and also contained within his treatment records, include: Amlodipine Besylate, Citalopram Hydrobromide, Freestyle Lite Test Strip, Losartan, Rosuvastatin, Aspirin, Cholecalciferol, Coenzyme, Empagliflozin, Hydrochlorothiazide, Meclizine, and Multivitamin/Minerals.

As the Veteran cites, in Gabrielson v. Brown, 7 Vet. App. 36, 40 (1994), the Court held that a medical opinion that "fails to discuss all the evidence which appears to support appellant's position," and was accepted by the Department, contributed to inadequate reasons or bases. Therefore, on remand, the Board directs the VA examiner to consider the Veteran's twelve prescribed medications and include an opinion as to whether it is at least as likely as not that such medications caused or aggravated the Veteran's currently diagnosed hypertension.

Moreover, the Veteran asserts that VA should obtain its opinion from a cardiologist. The Veteran argues that "an examiner with appropriate expertise" in this case is a cardiologist. Because it is unclear if the March 2016 examiner, J. L. L., M.D., is a cardiologist, and because the January 2011 VA examination was not conducted by a cardiologist, the Board remands this matter for examination and an opinion from a cardiologist or cardiac specialist.

Accordingly, the case is REMANDED for the following action:

1. Obtain any continuing treatment records. Should such exist, associate them with the claims file.

2. Then, schedule the Veteran for an appropriate VA examination with a cardiologist or cardiac specialist. Upon review of the file, and following examination, the examiner is asked to render opinions as to the following:

(a) Whether it is at least as likely as not (a fifty percent probability or greater) that the Veteran's hypertension began in or is etiologically related to the Veteran's active service?

(b) Whether it is at least as likely as not (a fifty percent probability or greater) that the Veteran's hypertension is proximately due to or the result of a service-connected disability, to include GAD and vertigo? 

The examiner is to specifically opine as to whether it is at least as likely as not (fifty percent probability or greater) that the Veteran's hypertension is proximately due to or the result of the Veteran's use of prescription medications, to include: Zoloft, Effexor, Xanax, Amlodipine Besylate, Citalopram Hydrobromide, Freestyle Lite Test Strip, Losartan, Rosuvastatin, Aspirin, Cholecalciferol, Coenzyme, Empagliflozin, Hydrochlorothiazide, Meclizine, and Multivitamin/Minerals. See Veteran's August 2016 Written Brief.

(c) Is it at least as likely as not (a fifty percent probability or greater) that the Veteran's hypertension is aggravated (i.e., worsened) beyond the natural progress by service-connected disabilities, to include GAD and vertigo? 

The examiner is to specifically opine as to whether it is at least as likely as not (fifty percent probability or greater) that the Veteran's hypertension is aggravated (i.e., worsened) beyond the natural progress by the Veteran's use of prescription medications, to include: Zoloft, Effexor, Xanax, Amlodipine Besylate, Citalopram Hydrobromide, Freestyle Lite Test Strip, Losartan, Rosuvastatin, Aspirin, Cholecalciferol, Coenzyme, Empagliflozin, Hydrochlorothiazide, Meclizine, and Multivitamin/Minerals. See Veteran's August 2016 Written Brief.

For all opinions requested, the examiner should be given access to the Veteran's Virtual VA/VBMS records, and a copy of this remand. It must be stated in the report that a review of the file was conducted. 

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

If the examiner is unable to offer any of the requested opinions, it is essential that the examiner offer a rationale for the conclusion that an opinion cannot be provided without resort to speculation, together with a statement as to whether there is additional evidence that might enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 328 (2010).

3. Ensure that the examination report is adequate. If it is deficient in any manner, return the report to the examiner as inadequate. Then, after conducting any other development deemed necessary, readjudicate the Veteran's claim. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case (SSOC) and allow an appropriate period of time for response. Thereafter, the claims folder should be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).